# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COOPER LIGHTING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORDELIA LIGHTING, INC. and )<br>JIMWAY, INC., )<br>)<br>Defendants. ) | Civil Action No.<br>1:16-cv-02669-MHC |

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION PENDING PATENT OFFICE *INTER PARTES* REVIEW OF VALIDITY OF ALL PATENTS-IN-SUIT

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. FACTUAL BACKGROUND ..................................................................... 2

III. LEGAL STANDARD ................................................................................. 5

IV. ARGUMENT .............................................................................................. 6

    A. The Early Stage of this Litigation Favors a Stay. ............................. 6

    B. A Stay Will Simplify The Issues in the Case. .................................. 7

    C. Granting a Stay Will Not Unduly Prejudice Cooper. ....................... 9

V. CONCLUSION ......................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Adair v. Boat Dock Innovations, LLC,*
    2013 U.S. Dist. LEXIS 63921 (N.D. Ga. Feb. 27, 2013)....................................10

*AirWatch LLC v. Good Tech. Corp.*,
    1:14:-CV-02281-SCJ (N.D. Ga. Feb. 13, 2015)...................................................5

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ............................................5

*Ever Win Intern. Corp. v. Radioshack Corp*.,
    902 F. Supp. 2d 503 (D. Del. 2012) ...................................................................11

*Evolutionary Intelligence LLC v. Yelp Inc.*,
    2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ...................................................12

*GoPro, Inc. v. C&A Marketing, Inc.*,
    2017 WL 2591268 (N.D. Cal. June 15, 2017) ...................................................12

*Graywire, LLC v. Ciena Corp.*,
    2009 U.S. Dist. LEXIS 131906 (N.D. Ga. July 17, 2009)....................................5

*Intellectual Ventures II LLC v. SunTrust Banks, Inc*.,
    2014 U.S. Dist. LEXIS 142295 (N.D. Ga. Oct. 7, 2014).....................................6

*Interface, Inc. v. Tandus Flooring, Lie.,*
    2013 U.S. Dist. LEXIS 158608 (N.D. Ga. Nov. 5, 2013)................................6, 7

*IP Co., LLC v. Tropos Networks, Inc.*,
    1:06-CV-0585-CC (N.D. Ga. Mar. 5, 2014) ............................................ 7, 9, 10

*Southwire Co. v. Cerro Wire, Inc*.,
    2009 U.S. Dist. LEXIS 131922 (N.D. Ga. May 12, 2009) ..................................5

*Tomco² Equip. Co. v. Se. Agri-Sys., Inc*.,
    542 F. Supp. 2d 1303 (N.D. Ga. 2008) ..........................................................6, 11

*VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307 (Fed. Cir. 2014)...........11

**Statutes**

28 U.S.C. § 1406(a) ...................................................................................................3

35 U.S.C. § 102...........................................................................................................4

35 U.S.C. § 103 .......................................................................................................... 4

35 U.S.C. § 311 .......................................................................................................... 4

35 U.S.C. § 313 .......................................................................................................... 4

35 U.S.C. § 314 .......................................................................................................... 4

35 U.S.C. § 314(b) ................................................................................................... 10

35 U.S.C. § 315(e)(2) ................................................................................................. 8

35 U.S.C. § 316 .......................................................................................................... 5

35 U.S.C. § 318 ....................................................................................................... 5, 9

**Rules**

37 C.F.R. § 42.107 ..................................................................................................... 4

37 C.F.R. § 42.107(b) .............................................................................................. 10

## I. INTRODUCTION

Defendants Cordelia Lighting, Inc. ("Cordelia") and Jimway, Inc. ("Jimway") (collectively, "Defendants") move to stay this action pending the United States Patent Office's ("Patent Office") determination of Cordelia's *inter partes* review ("IPR") petitions challenging the validity of all of Plaintiff Cooper Lighting, LLC's ("Cooper") 48 asserted patent claims.

When considering a request to stay litigation pending the determination of IPR petitions, Courts weigh three factors - the stage of the case, the simplification of issues, and the potential prejudice to plaintiff. Those factors strongly favor entering a stay in this case.

- First, the case is still in its early stage. The parties and the Court have the potential to reap maximum benefit from entry of a stay. Defendants and Cooper are still engaged in written discovery, and expert discovery has not started. No *Markman* claim construction hearing has been scheduled and no trial date has been set.

- Second, deferring this litigation while the IPRs proceed will likely narrow the issues or dispose of the case entirely, preventing duplicative and potentially inconsistent rulings, and conserving the time and resources of the parties and the Court.

- Third, a stay will not unduly prejudice Cooper or place it at a tactical disadvantage. It is well established that the mere delay inherent in any stay

does not establish undue prejudice. Cooper has demonstrated no rush to obtain a judicial remedy. It failed to mark the asserted patent numbers on its products and waited a year after learning of Defendants' accused products before filing suit. Similarly, Cooper has not sought a preliminary injunction – an admission that there is no irreparable harm occurring while the claims and defenses are decided.

Cooper's complaint is limited to recovery for patent infringement and no other causes of action. *See* Dkt. 18. Defendants have asserted a defense and counterclaim for invalidity. Dkt. 50 at 9, 13. Thus, this case is likely to be significantly narrowed in scope, if not completely resolved, by the pending IPR proceedings. The Court should grant this motion and stay the litigation pending resolution of the IPRs.

## II.   FACTUAL BACKGROUND

On July 22, 2016, Cooper filed suit against Defendants alleging infringement of four patents: U.S. Patent Nos. 8,348,477 ("the '477 patent"); 8,348,479 ("the '479 patent"); 8,789,978 ("the '978 patent"), and 9,010,956 ("the '956 patent" or "Davis patent") (collectively, the "patents-in-suit"). Three of the patents-in-suit – the '477, '479, and '978 patents – contain the same description of the technology and claim priority to the same provisional and initial non-provisional patent applications. (These three patents are collectively referred to as the "Tickner patents.") The Tickner patents contain 40 of the 48 patent claims that Cooper has asserted in this action. *See* Ex. A, Cooper's Initial Infringement Contentions.

The fourth asserted patent, the Davis patent, was filed years after the Tickner patents, and the Tickner subject matter is prior art to the Davis patent. Davis is purportedly a mere improvement to old technology. All of the Tickner and Davis patents relate to LED downlight fixtures, and Cooper alleges that at least some of its commercial products are covered by both Tickner and Davis claims. *See id.*

Pursuant to the Court's Scheduling Order, the parties are in the fact discovery phase of the case. Dkt. 21 at 18-20. The parties have exchanged written discovery, and are still in the process of exchanging documents. No party depositions have been scheduled.[1]

Several key litigation milestones have yet to occur. No *Markman* claim construction hearing or trial dates have been scheduled. *See id*. The Court has ordered fact discovery to end 45 days after entry of the *Markman* order. *Id.* No expert discovery has been scheduled or taken. *Id*.[2]

On July 26, 2017, Cordelia submitted IPR petitions with the Patent Office.[3]

---

[1] Cordelia has subpoenaed and deposed two third-party companies that were making and selling LED downlights at least as early as 2006, prior to Cooper's earliest patent filing dates.

[2] Cordelia's Motion to Dismiss for Improper Venue in Light of *TC Heartland v. Kraft Food Brands Group*, or to Transfer Pursuant to 28 U.S.C. § 1406(a) is currently pending. *See* Dkt. 56.

[3] Cooper's counsel was notified by email of the IPR petitions that day and served with the four IPR petitions and exhibits the following day. Cooper subsequently filed Mandatory Notices for the petitions identifying Jones Day as counsel of record for the IPR proceedings in the PTAB. Three of the IPR petitions already have been accorded formal filing dates of July 26, 2017. The formal filing date for the fourth petition is pending.

The IPR process allows the petitioner to challenge the validity of a patent's claims based on prior art under 35 U.S.C. §§ 102 and 103 and the owner of the challenged patent(s) to argue in favor of validity. 35 U.S.C. § 311. The petitioner may request that the PTO cancel one or more of a patent's claims, but only if such claims are obvious or anticipated by "prior art consisting of patents or printed publications." *Id*.

Cooper alleges that 48 claims of its four patents are infringed. Ex. A at 3. Cordelia's IPR petitions challenge the validity of those same 48 claims.[4] Moreover, each petition raises multiple grounds of invalidity. *See* Exs. B-E.[5] A total of 13 grounds of patent invalidity were raised: four grounds with respect to the '477 patent (Ex. B at 3-4); four grounds with respect to the '479 patent (Ex. C at 3-4); two grounds with respect to the '956 patent (Ex. D at 3); and three grounds with respect to the '978 patent (Ex. E at 3). Cooper's responses to the petitions are due later this year. 35 U.S.C. § 313; 37 C.F.R. § 42.107.

The Patent Office assigns IPR petitions to the Patent Trial and Appeal Board ("PTAB") for decision. The PTAB decides whether to proceed to a hearing on some or all of the grounds, within six months after the petitions are filed. 35 U.S.C. § 314.

---

[4] Claims 1-5, 7-16, and 18-19 of the '477 patent are challenged in IPR2017–01857. Claims 1-2, 4-5, 13-16 and 19-20 of the '479 patent are challenged in IPR2017–01858. Claims 1-2, 4-6 and 8-10 of the '956 patent are challenged in IPR2017–01859. Claims 1-4, 7, 9-10, 13-14 and 16-19 of the '978 patent are challenged in IPR2017–01860. *See* Exs. B-E (copies of the IPR petitions without the accompanying exhibits).

[5] The lengthy papers submitted herewith are in fact abbreviated versions of the petition papers filed with the Patent Office as the declarations of Cordelia's expert and copies of the references were not attached.

During the PTAB proceedings, the parties can respond to each other's arguments and take limited discovery, including depositions of both parties' experts; they also have the right to an oral hearing. 35 U.S.C. §§ 316(a)(5) (8) (10), and (13) After a hearing, the PTAB issues a final written decision on the validity of the challenged claims based on those grounds. 35 U.S.C. § 318. The PTAB determinations will likely narrow the issues in the litigation, or end the litigation entirely because either all the asserted claims are invalidated or the PTAB's ruling clarifies the issues sufficiently for the parties to reach a settlement.

### III. LEGAL STANDARD

This Court has the inherent power to stay this litigation pending the conclusion of related proceedings at the Patent Office. *See Graywire, LLC v. Ciena Corp.*, No. 1:08-CV-2993-BBM, 2009 U.S. Dist. LEXIS 131906, at *8 (N.D. Ga. July 17, 2009) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Indeed, there is a "liberal policy" in favor of granting motions to stay proceedings pending the outcome at the Patent Office. *Southwire Co. v. Cerro Wire, Inc.*, No. 3:08-CV-92-JTC, 2009 U.S. Dist. LEXIS 131922, at *6-7 (N.D. Ga. May 12, 2009) (citations omitted). This liberal policy, originally recognized in the context of stays pending reexamination proceedings, has continued in the context of stays pending IPR proceedings. *See, e.g., AirWatch LLC v. Good Tech. Corp.*, No. 1:14:-CV-02281-SCJ, Dkt. 45 at 5 (N.D. Ga. Feb. 13, 2015) (acknowledging the "liberal policy" in favor of stays in the context of granting motion to stay pending IPR).

"Several courts have noted the benefits of staying infringement litigation in the face of *inter partes* review," such as disposing of the patent and ending the case; streamlining discovery, issues, defenses, evidence and trial; encouraging settlement; and reducing costs for the Court and the parties. *See, e.g., Interface, Inc. v. Tandus Flooring, Lie.,* No. 4:13-CV-46-WSD, 2013 U.S. Dist. LEXIS 158608, at *12 (N.D. Ga. Nov. 5, 2013) (*citing Tomco² Equip. Co. v. Se. Agri-Sys., Inc*., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008)).

To help balance the competing interests of the parties, courts consider three factors in deciding whether to stay litigation pending completion of the IPR: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in the case; and (3) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." *Interface,* 2013 U.S. Dist. LEXIS 158608, at *13.

## IV. ARGUMENT

### A. The Early Stage of this Litigation Favors a Stay.

This case is still in its early stages. The parties are currently engaged in fact discovery, but have not yet scheduled or conducted any party depositions. No expert discovery has been taken. Further, no *Markman* claim construction hearing or trial dates have been set. Cases in such early stages of litigation are well-positioned for a stay. *See, e.g., Intellectual Ventures II LLC v. SunTrust Banks, Inc*., No. 1:13-cv-02454-WSD, 2014 U.S. Dist. LEXIS 142295, at *7 (N.D. Ga. Oct. 7, 2014) (finding

that case was "at an early stage," favoring a stay, where neither party had moved for summary judgment and the trial date had not been set, even though four depositions had been taken); *IP Co., LLC v. Tropos Networks, Inc.*, No. 1:06-CV-0585-CC, Dkt. 188 at 4 (N.D. Ga. Mar. 5, 2014) (finding that stage of the litigation weighed in favor of a stay where no claim construction hearing or trial date had been set and the parties had not engaged in any significant discovery, even though the case had been pending for several years); *Interface,* 2013 U.S. Dist. LEXIS 158608, at *13 (granting stay pending IPR where a trial date was not set and the case was "at a relatively early stage," even though discovery was "ongoing").

Because this litigation is in its early stages, a stay presents an opportunity for the parties and the Court to reap maximum benefit from the pending administrative proceedings. This factor weighs strongly in favor of granting a stay.

### B.  A Stay Will Simplify The Issues in the Case.

This case is complicated by Cooper's assertion of 48 claims in four patents. The PTAB determinations will likely reduce the number of patents and claims that need to be resolved in this litigation, thus simplifying the issues before the Court. Because the question of the validity of all of the asserted claims is now pending before the PTAB, and Cooper has no other causes of action, this suit could be completely resolved during the requested stay period. Even if only some of Cordelia's grounds hit the mark, and some of Cooper's asserted patent claims survive, the case will likely be simplified by a reduction of claims in dispute.

7

It is well-established that PTAB proceedings are an effective way to reduce patent litigation costs and preserve judicial resources. The Patent Office's published statistics indicate that it has granted approximately 72% of IPR petitions. Ex. F (AIA Progress (Mar. 31, 2017)) at 7. Once instituted, the clear majority of decisions find the challenged claims unpatentable. In the over 1,500 final written decisions by the PTAB, *65% invalidated every challenged claim* and 81% invalidated at least one challenged claim. *Id.* at 10.

When further refined, the published statistics indicate an even greater likelihood that the Cordelia's IPR petitions will be successful. Some types of patented technologies are more vulnerable than others to PTAB review. LED downlights fall into one of those categories. Here, Cooper's patents-in-suit are classified in the Patent Office as "mechanical" arts, and in this category, only 10% of the PTAB outcomes find the challenged claims patentable. *Id.* at 14.

Even in the highly unlikely event that all of Cooper's claims survive PTAB review, judicial economy will still be served. Federal law estops Defendants from asserting in litigation invalidity on the same grounds. "The petitioner in an *inter partes* review of a claim in a patent … may not assert … in a civil action arising in whole or in part under section 1338 of title 28 … that a claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2). This provision assures that the petitioner does not have two bites at the patent validity apple, assuring that Courts benefit from the

efforts before the administrative agency.

Additionally, the PTAB provides written decisions containing not only its conclusions but also its underlying analysis.  35 U.S.C. § 318.  The reasoning and analysis of the administrative experts may assist the Court in defining the scope of the asserted claims.  *See, e.g.*, *IP Co., LLC v. Tropos Networks, Inc.,* No. 1:06-CV-00585, Dkt. 188 at 4 (N.D. Ga. Mar. 5, 2014) (granting stay where all the asserted claims were pending before the Patent Office, either on petition for, or institution of, IPR).

The PTAB rulings will likely narrow the issues that need to be addressed in fact and expert discovery, the issues to be decided in a *Markman* claim construction hearing, and ultimately reduce the complexity and length of a trial.  In a best-case scenario, the rulings will result in the end of the litigation, either because all the asserted claims are found to be invalid, or because the parties will settle in light of the PTAB findings.  If so, a great amount of unnecessary and duplicative effort in fact and expert discovery, trial preparation and trial will be avoided.  Accordingly, this factor also weighs strongly in favor of a stay.

**C.     Granting a Stay Will Not Unduly Prejudice Cooper.**

A stay will not unduly prejudice Cooper or place it at a tactical disadvantage. First, because of the recognized benefits of resolving disputes at the administrative level rather than litigation, the "undue prejudice" must constitute more than the delay due to proceeding in the Patent Office.  It is well established that the mere delay

inherent in any stay does not establish undue prejudice. *Adair v. Boat Dock Innovations, LLC,* No. 1:12-cv-1930-SCJ, 2013 U.S. Dist. LEXIS 63921, at *8 (N.D. Ga. Feb. 27, 2013) ("As to Plaintiff's claim of prejudice caused by delay in the resolution of this action, the general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

Second, the PTAB process is relatively quick. The Patent Office is statutorily required to grant or deny a petition for review within six months of its filing date. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b)  Thus, this strict schedule governing IPRs should allay concerns regarding open-ended delay. *IP Co.*, No. 1:06-CV-00585, Dkt. 188 at 6.

Third, the record in this case strongly supports that Cooper itself does not believe that it is prejudiced by delay. It did not mark the numbers of the asserted patents on its products prior to filing suit, even though the earliest patent issued more than three years earlier. Ex. G (Cooper's Response to Interrogatory No. 15) at 17 ("Plaintiff further states that its recessed LED downlight products have been virtually marked with the patents-in-suit at least since November 10, 2016 [after the date of suit]."); *see also id.* (Cooper's Response to Interrogatory No. 16) at 18 ("Plaintiff states that there was no formal marking policy on its products at the time they were developed and any such marking was done on an ad hoc basis."). This reflects Cooper's lack of interest in asserting its purported patent rights in a timely fashion.

In addition, Cooper has not sought a preliminary injunction to stop any Cordelia commercial activity pending the litigation. This further reinforces the conclusion that Cooper is not being irreparably harmed while the disputed infringement and validity issues are being resolved. The "availability of money damages is sufficient to protect plaintiff from prejudice," and this type of suitable relief weighs in favor of a stay. *Tomco² Equip. Co. v. Se. Agri-Sys., Inc*., 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008); *see also Ever Win Intern. Corp. v. Radioshack Corp*., 902 F. Supp. 2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends."). Any Defendant infringement of a valid Cooper patent claim occurring during the stay period would ultimately be compensated by money damages.

Further, Cooper knew of Defendants' products more than a year before alleging that they infringed. Ex. G (Cooper's Response to Interrogatory No. 2) at 3-4 ("Plaintiff states to the best of its knowledge that its first knowledge of infringement occurred in approximately March or April 2015."). A plaintiff's demonstrated delay in filing a suit weighs against any claim of prejudice from a stay. *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1319 (Fed. Cir. 2014) (holding that a one-year delay in filing indicated a lack of prejudice from a stay).

Lastly, Cooper is not unduly prejudiced by the timing of Cordelia's IPR petitions. Defendants were not informed of the identity of the specific claims

purported to be infringed until Cooper's infringement contentions of November 16, 2016. Until then, Defendants did not know if Cooper was asserting four patent claims or all 70 claims of the four asserted patents. It would have been wasteful of resources to prepare petitions challenging the validity of dozens of claims that might not have been asserted by Cooper.

After learning of Cooper's intent to assert such a broad array of similar claims, Cordelia had to undertake the task of evaluating and supplementing prior art references, analyzing the grounds for invalidity, and preparing four highly detailed and technically supported IPR petitions. *See* Exs. B-E. Courts recognize that the mere passage of time while an accused infringer engages in these activities does not unduly prejudice the patent owner. *See, e.g., GoPro, Inc. v. C&A Marketing, Inc.*, 2017 WL 2591268 at *5 (N.D. Cal. June 15, 2017) (Filing of IPR 10 months after filing of complaint did not support finding of prejudice to the plaintiff-patentee); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451 at *9 (N.D. Cal. Dec. 18, 2013) (Defendants' filing of its IPR "exactly one year after Plaintiff served the complaint" did not constitute undue prejudice.). Cooper was entitled to institute this litigation under federal patent law, and Cordelia was entitled to timely invoke the IPR process; thus, Cooper cannot complain of the rights afforded to Cordelia by that same statutory framework. *Id.*

Cooper's complaint alleges no cause of action other than infringement of its four patents. All the claims presented to the Court will necessarily be touched by

the issues presented to the Patent Office. Staying this action provides substantial benefits to the parties and the Court, and will not prejudice Cooper. This third factor also weighs strongly in favor of granting a stay.

## V. CONCLUSION

IPR proceedings are a recognized way to take advantage of administrative determinations to reduce the burden and complexity of patent litigation. This case is ideally suited to maximize the benefits of such a stay because the litigation is in a relatively early stage. Because Cooper has asserted an unusually large number of patent claims, 48, it is very likely that at least some of the issues in the case will be resolved by the PTAB prior to continuing with this action. If none of Cooper's claims survive the PTAB proceedings, or the case settles as a result of its determinations, no further resources will need to be expended in litigation. If not, the dispute will still be simplified by operation of a statutory estoppel. Further, Cooper has not demonstrated any rush to get to trial and will not be compensated for any infringement of a valid patent occurring during the stay period. Hence, the Court should grant this motion and stay the litigation pending resolution of the IPRs.

This 21st day of August, 2017.

Respectfully submitted,

*/s/ Coby S. Nixon*
Coby S. Nixon
cnixon@taylorenglish.com

Georgia Bar No. 545005
Seth K. Trimble
strimble@taylorenglish.com
Georgia Bar No. 851055
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

Lester J. Savit (*pro hac vice*)
lsavit@onellp.com
Paul Y. Feng (*pro hac vice*)
pfeng@onellp.com
Stephen M. Lobbin (*pro hac vice*)
slobbin@onellp.com
John E. Lord (*pro hac vice*)
jlord@onellp.com
**One LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA  92660
Phone: (949) 502-2870

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1C.

*/s/ Coby S. Nixon*
Coby S. Nixon
Georgia Bar No. 545005
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION PENDING PATENT OFFICE *INTER PARTES* REVIEW OF VALIDITY OF ALL PATENTS-IN-SUIT with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record in this action.

*/s/ Coby S. Nixon*
Coby S. Nixon
Georgia Bar No. 545005
Attorney for Defendants