# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **COOPER LIGHTING, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION FILE** |
| **v.** | **NO. 1:16-CV-2669-MHC** |
| **CORDELIA LIGHTING, INC. and JIMWAY, INC.,** | |
| **Defendants.** | |

## ORDER

### I.    BACKGROUND

On July 22, 2016, Cooper Lighting, LLC ("Cooper") filed suit against

Defendants alleging infringement of patents and stating as a basis for venue "28

U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as Defendants reside in this district

and/or wrongful acts giving rise to the Cooper's claims have occurred in this

district as alleged herein."  Compl. [Doc. 1] ¶ 6.  Defendants answered the

Complaint and denied that venue was proper.  Answer [Doc. 17] ¶ 6.  Cooper filed

an Amended Complaint, making an identical venue allegation.  Am. Compl. [Doc.

18] ¶ 6.  In lieu of answering, Defendants then filed a partial motion to dismiss the Amended Complaint, but did not address their original contention that venue was not appropriate in the motion to dismiss.  Mot. to Dismiss [Doc. 23].  On April 6, 2017, the Court granted the partial motion to dismiss.  Order [Doc. 44].  On April 20, 2017, Defendants answered the Amended Complaint, again denying venue. Answer to Am. Compl. [Doc. 50] ¶ 6.

On May 22, 2017, the Supreme Court issued a decision in TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514 (2017).  The Court held that a domestic corporation resides only in its state of incorporation for purposes of 28 U.S.C. § 1400(b).  Id. at 1517.  On June 8, 2017, Defendants filed a motion to dismiss, contending that, in light of TC Heartland, venue is proper only in the state of their incorporation, California.  Defs.' Mem. of Law in Supp. of their Mot. to Dismiss for Improper Venue in Light of TC Heartland LLC v. Kraft Foods Group Brands LLC, or to Transfer Pursuant to 28 U.S.C. § 1406(a) [Doc. 56-1] at 9.

On November 13, 2017, the Court issued an Order holding that TC Heartland was an intervening change in the law, that Defendants had not waived the venue defense, and that venue was proper as to Cordelia Lighting, Inc. ("Cordelia"), but not as to Jimway, Inc. ("Jimway").  Nov. 13, 2017, Order [Doc. 85].  The Court ordered the parties to brief "whether this Court should sever the

2

action and transfer only the case against Jimway to the United States District Court for the Central District of California or transfer the entire action to the Central District of California for the convenience of parties and witnesses and in the interests of justice." Id. at 24.

Cooper briefed these issues for the Court, and simultaneously asked the Court to reconsider its ruling on venue with respect to Jimway due to newly discovered evidence. Pl. Cooper Lighting, LLC's Supp. Br. on Venue and Mot. for Recons. of Venue Decision ("Pl.'s Br.") [Doc. 86]. Cooper contends that newly discovered evidence shows that venue is proper as to Jimway; in addition, Cooper asserts that Cordelia and Jimway are alter egos, so that the facts establishing venue as to Cordelia should be imputed to Jimway. Id. at 9-15. In the alternative, Cooper contends that if venue is not found as to Jimway, the Court should either allow it to dismiss its claims against Jimway without prejudice, or sever the action as to Jimway. Id. at 15-22.

## II.   LEGAL STANDARD

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but only when "absolutely necessary." LR 7.2E, NDGa. Such absolute necessity arises only when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law;

3

or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F.

Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (citation omitted).  A motion for

reconsideration may not be used "to present the court with arguments already

heard and dismissed or to repackage familiar arguments to test whether the court

will change its mind." Id. at 1259.  Nor may it be used "to offer new legal theories

or evidence that could have been presented in conjunction with the previously filed

motion or response, unless a reason is given for failing to raise the issue at an

earlier stage in the litigation." Adler v. Wallace Comput. Servs., Inc., 202 F.R.D.

666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an

opportunity for the moving party . . . to instruct the court on how the court 'could

have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc.

v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87

F.3d. 1242 (11th Cir. 1996).  "If a party presents a motion for reconsideration

under any of these circumstances, the motion must be denied." Bryan, 246 F.

Supp. 2d at 1259; see also, Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F.

Supp. 2d 1322, 1338 (N.D. Ga. 2000).

4

## III.   ANALYSIS

### A.   Reconsideration of Venue

Defendants' Motion to Dismiss for Improper Venue was filed on June 8, 2017, and was fully briefed and submitted for decision on July 13, 2017. The Court considered the briefs and issued its Order on November 13, 2017. During the intervening time, the parties conducted discovery and Cooper learned of new facts which it contends establish venue over Jimway and, alternatively, that Jimway is an alter ego of Cordelia and Cordelia's contacts should be imputed to Jimway.

This case is in an unusual procedural posture. Both parties considered the issue of venue to be settled prior to TC Heartland, so Cooper did not conduct discovery on the venue issue prior to responding to Defendants' Motion to Dismiss. In light of Cooper's newly discovered evidence, the Court finds it appropriate to reconsider its venue decision as to Jimway.

### 1.   Does the newly discovered evidence show that venue is proper as to Jimway?

To determine whether a "regular and established place of business" exists for purposes of establishing venue, the Federal Circuit recently explained that: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any

statutory requirement is not satisfied, venue is improper under § 1400(b)."  In re

Cray Inc., 871 F.3d 1355 (Fed. Cir. 2017).  By virtue of the Court's previous order

on venue, the first two requirements were found to be fulfilled as to Cordelia by an

office located in Marietta, Georgia, which the Court found to be the regular and

established business of Cordelia.  In order to maintain venue over Jimway, Cooper

must show that the office operated by Cordelia is also Jimway's office.  For the

third prong, the Cray court instructed that

> Relevant considerations include whether the defendant owns or leases
> the place, or exercises other attributes of possession or control over
> the place.
> . . .
> Marketing or advertisements also may be relevant, but only to the
> extent they indicate that the defendant itself holds out a place for its
> business.
> . . .
> Potentially relevant inquiries include whether the defendant lists the
> alleged place of business on a website, or in a telephone or other
> directory; or places its name on a sign associated with or on the
> building itself.  But the mere fact that a defendant has advertised that
> it has a place of business or has even set up an office is not sufficient;
> the defendant must actually engage in business from that location.  In
> the final analysis, the court must identify a physical place, of business,
> of the defendant.

Id. 1363-64.

Cooper relies on several pieces of evidence to show that the Cordelia office

in Marietta is also a Jimway office: (1) two internal Jimway memoranda referring

to an employee "of our Atlanta office . . . ." and "our Atlanta associates" ([Docs.

6

86-1, 86-2]); (2) an email dated September 2010 from an @jimway.com email address instructing employees via email to "Pick and [sic] area within the Atlanta office to show these fixtures in a real life application" ([Doc. 86-9]); and (3) an email dated September 2014 from an @cordelia.com email address stating to a customer that "Jimway and Cordelia are the same" ([Doc. 86-3]).  Cooper's newly discovered evidence is insufficient to satisfy the requirements of Cray.  There is no evidence that Jimway owns or leases the office, controls it, advertises it as a place of business of Jimway, or significantly engages in business from that location. Although references to the office as "our office" by Jimway employees are relevant to the Court's analysis, these alone do not satisfy Cooper's burden of establishing venue as to Jimway.

### 2.    Is Jimway the alter ego of Cordelia for jurisdictional purposes?

Cooper next contends that the facts establishing venue as to Cordelia should be imputed to Jimway as the newly discovered evidence establishes that they are alter egos.  Because venue issues in patent cases are unique to patent law, "Federal Circuit law, rather than regional circuit law, governs . . . ."  Cray, 871 F.3d at 1360. "[T]he corporate form is not to be lightly cast aside."  3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1380 (Fed. Cir. 1998) (refusing to impute activities of one defendant to other defendants for purposes of personal jurisdiction where

plaintiff did not present "any controlling precedent which compels us to pierce the corporate veil, or to conclude that the defendants are alter egos.").

The Supreme Court has held that even where the parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in the forum cannot be imputed to the parent company so long as they maintain formal corporate separateness. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 337 (1925). Notwithstanding this general rule, the Federal Circuit has allowed the contacts of another entity to be imputed to a defendant under an alter ego theory for purposes of venue. Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985) ("The courts have also held that piercing the corporate veil is appropriate in order to establish venue under the patent venue statutes."). At minimum, the party attempting to establish alter ego jurisdictional imputation must show a disregard of corporate formalities between the companies.[1] Hoover Grp., Inc., 84 F.3d at 1411.

---

[1] The Minnesota Mining court also required the proponent of veil-piercing to show that respecting the corporate form would result in fraud or unfairness towards the proponent. In more recent cases, the Federal Circuit and district courts applying Federal Circuit law have focused solely on the question of corporate formalities. See, e.g., Celgard, LLC v. SK Innovation Co., 792 F.3d 1373, 13801 (Fed. Cir. 2015); Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1234 (Fed. Cir. 2010); Hoover Grp., Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1411 (Fed. Cir. 1996); Soverain IP, LLC v. AT&T, Inc., No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), report and

The facts established by Cooper—joint shareholders, officers, and principal place of business ([Doc. 86-4 at 6-7]); use of the Cordelia office by Jimway ([Doc. 86-9)]); references to the Atlanta office as that of Jimway([Docs. 86-1, 86-2); and the occasional holding out of Jimway and Cordelia as the same entity ([Doc. 86-3])—are not enough to cast aside the corporate form.  Cordelia and Jimway are separate entities, with separate financial statements and balance sheets.  Decl. of Jessie King in Supp. of Defs.' Mot. to Dismiss for Improper Venue [Doc. 62-2] ¶ 15.  The evidence marshaled by Cooper does not show otherwise.[2]  Accordingly, Cordelia and Jimway are not alter egos.  Soverain IP, 2017 WL 5126158, at *1 ("Mr. Long's sworn declaration states that corporate form has not been disregarded, and Soverain has not come forward with any reason why this

---

recommendation adopted, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017); Post Consumer Brands, LLC v. Gen. Mills, Inc., No. 4:17-CV-2471 SNLJ, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017); Symbology Innovations, LLC v. Lego Sys., Inc., No. 2:17-CV-86, 2017 WL 4324841, at *11 (E.D. Va. Sept. 28, 2017).  This Court need not reach the issue of whether to consider if fraud or unfairness would result, because Cooper has not shown that corporate formalities were disregarded.

[2] Cooper relies heavily on Mallinckrodt IP v. B. Braun Med. Inc., No. CV 17-365-LPS, 2017 WL 6383610, at *5 (D. Del. Dec. 14, 2017), to argue that an alter ego finding is appropriate.  This case is inapposite; the court did not determine the entities were alter egos but simply permitted the plaintiff to take jurisdictional discovery, which Cooper already has done here.

9

statement is inaccurate.  Rather, Soverain's contentions, even if all established as true, would not be sufficient to treat the two corporations as one.").

Although Cooper suggests that the Court permit additional discovery on the venue issue (Pl.'s Br. at 15 n.5), Cooper has not shown why discovery in addition to that already conducted would yield any evidence other than what has been produced in support of its motion for reconsideration.  "[J]urisdictional discovery is favored where there is a genuine dispute concerning facts necessary to decide the question of venue; it is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing of venue."  Hubbard/Downing, Inc. v. Kevin Heath Enters., No. 1:10-CV-1131-WSD, 2011 WL 13214390, at *5 (N.D. Ga. Jan. 14, 2011) (citation and quotation omitted, alteration accepted).

After reconsidering the issue, the Court finds that venue is not appropriate in the Northern District of Georgia as to Jimway.

## B.   Voluntary Dismissal of Jimway

As an argument within its motion for reconsideration, Cooper asks the court to dismiss the action against Jimway without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2).  Pl.'s Br. at 18-20.  The rule states

> [e]xcept as provided in Rule 41(a)(1), an action may be dismissed at
> the plaintiff's request only by court order, on terms that the court
> considers proper.  If a defendant has pleaded a counterclaim before
> being served with the plaintiff's motion to dismiss, the action may be

> dismissed over the defendant's objection only if the counterclaim can
> remain pending for independent adjudication.  Unless the order states
> otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).  District courts enjoy broad discretion in determining

whether or not to grant a plaintiff's motion for voluntary dismissal.  Pontenberg v.

Bos. Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing McCants v. Ford

Motor Co, Inc., 781 F.2d 855, 857 (11th Cir. 1986)).  Voluntary dismissal should

ordinarily be granted unless it is apparent the defendant will suffer clear legal

prejudice beyond "the mere prospect of subsequent lawsuit, as a result."  Id.

> The crucial question to be determined is, Would the defendant lose
> any substantial right by the dismissal.   In exercising its broad
> discretion under Rule 41(a)(2), the district court must weigh the
> relevant equities and do justice between the parties in each case,
> imposing such costs and attaching such conditions to the dismissal as
> are deemed appropriate.  A plaintiff enjoys no right to a voluntary
> dismissal without prejudice.  We have also said that a district
> court, when exercising its discretion should keep in mind the interests of the
> defendant, for Rule 41(a)(2) exists chiefly for protection of the
> defendants.

Mosley v. JLG Indus., Inc., 189 F. App'x 874, 875 (11th Cir. 2006) (citations and

quotations omitted).

Defendants object to the dismissal, contending that the pending counterclaim

by Jimway means that the lawsuit cannot be dismissed without their consent.

Defs.' Mem. in Opp'n to Cooper Lighting LLC's Mot. for Recons. and Supp. Br.

on Transfer Pursuant to 28 U.S.C. § 1404(a) ("Defs.' Br.") [Doc. 93] at 17.

11

However, as Cooper points out, Jimway's counterclaims have an independent jurisdictional basis (federal jurisdiction under the patent act), allowing the counterclaims to remain pending for independent adjudication. See, e.g., Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc., 142 F.R.D. 179, 180-81 (N.D. Ga. 1991); Grayhawk Homes, Inc. v. Woodruff Contracting Co., LLC, No. 4:11-CV-50 CDL, 2013 WL 275910, at *1 (M.D. Ga. Jan. 24, 2013) (copyright infringement).

Defendants further object to dismissal under Rule 41(a)(2) because "dismissing one co-defendant would put the dismissed co-defendant at risk for a future suit to re-litigate issues also being litigated in the current action." Defs.' Br. at 17.  However, risk of potential future lawsuits is not a valid consideration by the court at this stage. Pontenberg, 252 F.3d at 1255.  In fact, Jimway's counterclaims[3] mirror the claims initially filed by Cooper; therefore, any final adjudication on the merits of those counterclaims in this action would likely bar a later refiled suit by Cooper on the grounds of *res judicata*.

Under Rule 41(a), a plaintiff may be entitled to dismissal against one defendant, even where the action may remain pending against another defendant.

---

[3] Jimway requests a declaratory judgment of non-infringement, a declaratory judgment of invalidity, and a declaratory judgment of equitable doctrines on the patents asserted by Cooper.  Answer to Am. Compl. and Countercl. [Doc. 50].

Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973)[4] ("[O]ther courts have followed what has been termed the 'better view' by holding that a Rule 41(a) notice or motion can be effected against less than all of the defendants"); see, e.g., Roberts v. Chase Home Fin., LLC, No. 1:13-CV-1356-AT, 2014 WL 12117963, at *1 (N.D. Ga. Mar. 6, 2014) (holding dismissal under Rule 41(a)(2) appropriate against one set of defendants, while other defendants remained in the action).

Although a dismissal of Jimway as to Cooper's case-in-chief may be appropriate under Rule 41(a)(2), Cooper has failed to file a formal motion seeking such relief.  See Marak v. Lane, No. 4:08-CV-0150-HLM, 2008 WL 11319977, at *2 (N.D. Ga. Dec. 1, 2008) ("Filing a Motion as part of a response brief . . . is procedurally improper.").  The Court therefore directs Cooper to file a Motion for Dismissal of Jimway under Rule 41(a)(2) within seven (7) days of the date of this Order and Defendants shall file any response to such motion within seven (7) days thereafter.[5]

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

[5] Alternatively, the parties may reach a consensus on the venue issue and make a joint proposal to the Court.  Because Jimway's counterclaims mirror Cooper's original suit, a Rule 41(a)(2) dismissal by Cooper alone would not necessarily

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants Cordelia Lighting, Inc. and Jimway, Inc.'s Motion to Dismiss for Improper Venue in Light of TC Heartland v. Kraft Food Brands Group, or to Transfer Pursuant to 28 U.S.C. § 1406(a) [Doc. 56] is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** the motion, finding that venue is lacking as to Jimway.  The Court **DENIES** the request to dismiss or transfer as the issue is moot given Plaintiff's request to dismiss the case against Jimway.

It is further **ORDERED** that Plaintiff Cooper Lighting, LLC's Motion for Reconsideration of Venue Decision [Doc. 88] is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** the motion with respect to Cooper's request to reconsider its previous Order, but **DENIES** the motion by declining to hold that venue is proper as to Jimway.

---

change much about how the case would proceed.  The Court would still be asked to determine the same issues in dispute between the parties, as Jimway has asked for a declaratory judgment to that effect.  However, the dismissal by Cooper would allow Jimway to decide whether to have its counterclaims heard by this Court, or to seek a Rule 41(a)(2) dismissal of its own counterclaims.  Jimway can thus determine for itself whether it prioritizes the conservation of judicial resources by one court hearing both cases or the convenience of defending Cooper's claims in the Central District of California.

14

It is further **ORDERED** that Plaintiff file a Rule 41(a)(2) motion to dismiss Jimway within seven (7) days of the date of this Order, and that Defendants shall file any response to said motion within seven (7) days thereafter.  In the alternative, the parties may submit a Stipulated Dismissal of the complaint against Jimway and Jimway's counterclaims within seven (7) days of the date of this Order.

**IT IS SO ORDERED** this 25th day of January, 2018.

MARK H. COHEN
United States District Judge

15