IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COOPER LIGHTING, LLC,

      **Plaintiff,**

v.

CORDELIA LIGHTING, INC. and
JIMWAY, INC.,

      **Defendants.**

CIVIL ACTION FILE

NO. 1:16-CV-2669-MHC

## ORDER

This case comes before the Court on Plaintiff Cooper Lighting, LLC

("Cooper")'s Motion to File Under Seal ("Pl.'s First Mot.") [Doc. 87], Defendants'

Motion to File Certain Information Under Seal ("Defs.' Mot.") [Doc. 92], and

Plaintiff Cooper Lighting, LLC's Motion to File Under Seal ("Pl.'s Second Mot.")

[Doc. 98].  The parties have not filed any objections to the respective motions to

seal.

## I.    LEGAL STANDARD

Although this Court permits "the sealing of documents that contain

information protected from disclosure by statute, personal information (such as

Social Security numbers), trade secrets, or sensitive security data," the filing of documents under seal is generally disfavored as all documents filed with the Court are presumptively public. Standing Order Regarding Civil Litigation entered May 11, 2016 [Doc. 5] ("Standing Order") at 12. This is consistent with the Eleventh Circuit's position that court records are presumptively public: "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chi. Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (internal punctuation omitted)). "The common-law right of access includes the right to inspect and copy public records and documents." Chi. Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion,

unrelated to discovery, is subject to the common law right of access." Romero, 480 F.3d at 1245.  A substantive pretrial motion is "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).  The common-law right of access, however, is not absolute as it does not apply to all discovery materials. Id. at 1245; see also Chi. Tribune Co., 263 F.3d at 1311.

A party seeking to have material sealed can overcome the common-law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987).  Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." NXP B.V. v. Research In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013).  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (quoting Chi. Tribune Co., 263 F.3d at 1309 (internal punctuation omitted)); see also FED. R. CIV. P. 26(c) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research,

3

development, or commercial information not be revealed or be revealed only in a specified way."). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chi. Tribune Co., 263 F.3d at 1311, 1315 (quoting Nixon, 435 U.S. at 603) (internal punctuation omitted). Factors for the Court's consideration in making such a determination include whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Romero, 480 F.3d at 1246 (citation omitted).

4

## II.    ANALYSIS

### 1.    Plaintiff's Motions to Seal

Cooper seeks to file under seal the entirety of Plaintiff's Supplemental Brief on Venue and Motion for Reconsideration of Order on Venue [Doc. 86] and all eleven exhibits filed in support thereof.  Cooper states that the seal is necessary because the brief includes "excerpts from Defendants' documents and discovery responses that Defendants have designated as 'Confidential – Outside Counsel Only' pursuant to the Protective Order" and the exhibits contain documents designated as confidential.  Pl.'s First Mot. ¶ 3.  Likewise, Cooper seeks to file under seal the entirety its Reply Brief on Venue and Motion for Reconsideration of Order on Venue.  Pl.'s Second Mot. ¶ 3.

As Cooper notes in its motions, it is Defendants' burden to establish good cause for the sealing.  The Local Rules for the Northern District of Georgia, Appendix H, Exhibit A state:

> If any document is included in the provisionally sealed filing because a non-movant has requested protection of the document from public disclosure, including but not limited to documents designated pursuant to a protective order, then for each such document, the non-movant shall bear the burden of establishing good cause for sealing and must provide the information required by subsections 2(d)(ii) through 2(d)(iv) above in its response to the APP. H - A20 motion for leave to file under seal.  As to each such document, the motion for leave to file under seal and supporting brief need only: (i) identify, with specificity, the documents or portions thereof for which sealing

5

is requested by the non-movant and (ii) briefly explain the nature of the request or designation made by the nonmovant. The movant must serve the motion and brief on all persons and entities (including non-parties) who have requested protection from public disclosure for one or more of the documents in the provisionally sealed filing.

LR, App. H, Ex. A, II.J.2.e, NDGa. Defendants have not responded to Cooper's motions. After a cursory review of the briefs and exhibits Cooper seeks to have sealed, the Court believes the seal request is greatly overbroad. Without the guidance of Defendants, who marked the documents confidential before production to Cooper, it is difficult to discern whether or not the material should be sealed. Rather than deny the motions to seal outright, the Court will allow Defendants ten (10) days to comply with the Local Rules, Appendix H, Exhibit A and designate specifically which portions should be sealed and for what reasons. Should no response be filed within that time period, the Court will assume Defendants have no objections to the unsealing of the briefs and exhibits in their entirety.

## 2. Defendants' Motion to Seal

Defendants' ask that the Court seal portions of Defendants' Memorandum in Opposition to Cooper Lighting, LLC's Motion for Reconsideration and Supplemental Brief on Transfer Pursuant to § 1404(a) [Doc. 91] and portions of the Declaration of Jessie King in Support of Defendants' Brief. Defendants seek to

seal information "concerning Defendants' revenues in calendar year 2016[,]" stating that the public release of the revenue information would cause them commercial harm, but not serve the public interest. Defs.' Mot. at 3. The Court finds good cause for keeping the information sealed. Defendants' requests are very narrowly tailored, and their interest in the privacy of their financial information outweighs any public interest in the information. See, e.g., Local Access, LLC v. Peerless Network, Inc., No. 6:14-cv-399-Orl-40TBS, 2015 WL 6165498, at *2 (M.D. Fla. Oct. 20, 2015).

## III.   CONCLUSION

It is hereby **ORDERED** that Defendants' Motion to File Certain Information Under Seal ("Defs.' Mot.") [Doc. 92] is **GRANTED**. The Clerk is **ORDERED** to seal Docket Entry 93 (the unredacted versions of Defendants' Memorandum in Opposition to Cooper Lighting, LLC's Motion for Reconsideration and Supplemental Brief on Transfer Pursuant to § 1404(a) and the Declaration of Jessie King in Support of Defendants' Brief).

**IT IS FURTHER ORDERED** that Defendants respond to Cooper's Motions to Seal [Docs. 87, 98] within ten (10) days from the date of this Order.

**IT IS SO ORDERED** this 14th day of February, 2018.

MARK H. COHEN
United States District Judge